UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH W. BATT<br>　　　Plaintiffs | * <br> * <br> * | CIVIL ACTION NO. |
| VERSUS | * <br> * | JUDGE: |
| LIBERTY MUTUAL INSURANCE COMPANY<br>　　　Defendant | * <br> * <br> * | MAGISTRATE: |

* * * * * * * * * * * * * * * * * * * * * * * * *

## LIBERTY MUTUAL FIRE INSURANCE COMPANY'S
## NOTICE OF REMOVAL

Defendant Liberty Mutual Fire Insurance Company, improperly named as Liberty Mutual Insurance Company, and Liberty Mutual Insurance Company (collectively, "Liberty") respectfully remove to this Court the state court action described below:

## INTRODUCTION

On June 7, 2023, Plaintiff Joseph W. Batt ("Plaintiff") commenced this action seeking to recover for alleged hurricane-related damages to his residential property located at 129 Peter Lane, Saint Rose, Louisiana 70087-3220. *See* State Court Record, attached as Exhibit A, *in globo*.

The Petition for Damages ("Petition") names Liberty Mutual Insurance Company, a diverse, non-Louisiana citizen, as the only defendant. *See* Petition, at ¶ 2. The proper entity is Liberty Mutual Fire Insurance Company, also a diverse, non-Louisiana citizen. *See* Declaration of Brian Smith, attached hereto as Exhibit B; Certified Liberty Mutual Fire Insurance Policy, attached hereto as Exhibit B-1.

Plaintiff, who is domiciled in Louisiana, alleges that his property sustained damage during Hurricane Ida on August 29, 2021. *See* Petition, at ¶¶ 7-8.

Plaintiff alleges that Liberty provided a policy of insurance that provides coverage for the alleged property damage. *See* Petition, at ¶¶ 5-6. Liberty disputes coverage.

This action was filed in the 29th Judicial District Court, Parish of St. Charles, State of Louisiana, and captioned *Joseph W. Batt versus Liberty Mutual Insurance Company*, bearing docket number 92289, Division "D."

This Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there exists complete diversity of citizenship and the amount in controversy for Plaintiff's claims exceed the jurisdictional threshold of $75,000.00, exclusive of interest and costs.

The 29th Judicial District Court, Parish of St. Charles, State of Louisiana is a state court within the Eastern District of Louisiana.

Liberty has attached all pleadings and service returns filed in the record of the state court proceeding. *See* State Court Record, attached as Exhibit A, *in globo*.

## REMOVAL IS TIMELY

This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). The removal statute provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

Liberty was served with the Petition through the Louisiana Secretary of State on June 23, 2023, and its removal was filed within thirty days after service. *See* Notice of Service of Process, Exhibit A.

## **DIVERSITY JURISDICTION**

This Court has original diversity jurisdiction over Plaintiff's claims because the parties are completely diverse and because the alleged damages exceed the jurisdictional threshold of $75,000.00, exclusive of interest and costs.

### *The Parties Are Completely Diverse*

Plaintiff is domiciled in the Parish of St. Charles, State of Louisiana. *See* Petition at ¶ 1. Further, Plaintiffs claim 100% homestead exemption for the subject property located at 129 Peter Lane, Saint Rose, Louisiana 70087-3220. *See* St. Charles Parish Assessor Report, attached as Exhibit C. Accordingly, Plaintiff is a citizen of Louisiana.

Liberty Mutual Insurance Company, improperly named as defendant, is a nongovernmental corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. *See* Liberty Mutual Insurance Company's Louisiana Department of Insurance Profile, attached as Exhibit D. Accordingly, Liberty Mutual Insurance Company is a citizen of Massachusetts for purposes of diversity jurisdiction.

Liberty Mutual Fire Insurance Company is a nongovernmental corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. *See* Liberty Mutual Fire Insurance Company's Louisiana Department of Insurance Profile, attached as Exhibit E. Accordingly, Liberty Mutual Fire Insurance Company is a citizen of Wisconsin and Massachusetts for purposes of diversity jurisdiction.

Complete diversity of citizenship exists between Plaintiff and Liberty.

### *The Amount in Controversy Exceeds $75,000.00*

Liberty, as the removing party, "must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000.00]." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The removing party can meet this burden by demonstrating that it is facially apparent from the Petition that the claims likely are above $75,000, or, where it is not facially apparent, by setting forth facts in controversy that support such finding. *Id.* at 1253-54. Because the Petition is silent to the exact amount in controversy, Liberty must set forth summary-judgment-type evidence of facts in controversy to a finding of the requisite amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Prior to filing suit, Plaintiff produced to Liberty an estimate for alleged storm-related property damages prepared by a public adjuster, Noble Public Adjusting Group. *See* Declaration of Brian Smith, attached hereto as Exhibit B; Plaintiff's Public Adjuster Estimate, attached hereto as Exhibit B-3. Noble Public Adjusting Group valued Plaintiff's alleged storm-related property damages at $146,108.97.

To date, Liberty has issued $38,704.02 in payments to Plaintiff for covered damage under her insurance coverage after applying the applicable deductible of $4,058. *See* Declaration of Brian Smith, attached hereto as Exhibit B; Excerpt of Liberty Check Report, attached hereto as Exhibit B-2. Accordingly, the amount in controversy related to the alleged storm damage claimed by Plaintiff is at least $103,346.95: $146,108.97 estimated by Plaintiff's public adjuster, less $38,704.02 paid to Plaintiff, less $4,058 deductible, equals $103,346.95, which clearly exceeds the jurisdictional threshold of 28 U.S.C. § 1332.

Furthermore, in addition to the $103,346.95 in controversy related to the alleged damages sustained, Plaintiff also alleges that Liberty is liable for bad faith penalties and attorneys' fees under La. Rev. Stat. §§ 22:1973 and 22:1892.  *See* Petition, at ¶¶ 19-20.

Penalties and attorneys' fees are included in determining the amount in controversy for purposes of diversity jurisdiction.  *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Circuit 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy.").

Under Louisiana law, bad faith penalties are assessed in accordance with Louisiana Revised Statutes 22:1892 and 22:1973.  The penalty assessed under La. Rev. Stat. § 22:1973 when an insurer has breached its statutory duty of good faith and fair dealing is to be "an amount not to exceed ***two times the damages*** sustained or five thousand dollars, whichever is greater."  La. Rev. Stat. § 22:1973(C) (emphasis added).  The penalty assessed under La. Rev. Stat. § 22:1892 is ***fifty percent*** of the difference between the amount paid and the amount found to be due, as well as attorneys' fees.  La. Rev. Stat. § 22:1892(B)(1) (emphasis added).  Accordingly, Plaintiff has placed an additional $5,000 to $51,673.48 (or more), plus attorneys' fees, at issue.[1]

Accordingly, the penalties requested in this case swell the amount in controversy for Plaintiff's claim even further beyond the jurisdictional threshold under 28 U.S.C. § 1332.

## **CONCLUSION**

In sum, there exists complete diversity of citizenship between Plaintiff, on the one hand, and Liberty, on the other, and the amount in controversy on the face of the Petition totals at least $103,346.95, in addition to penalties and attorneys' fees under La. Rev. Stat. § 22:1892 and § 22:1973.  This Court therefore has original jurisdiction under 28 U.S.C. §§ 1332 and 1441.

---

[1] Liberty specifically denies that any bad faith penalties, damages, or attorneys' fees are owed.

Accordingly, Liberty respectfully requests that this Court assume full jurisdiction over this cause as provided by law.

Respectfully submitted,

/s/ Elizabeth A. Houts
H. Minor Pipes, III, 24603
Patrick J. Lorio, 38328
Elizabeth A. Houts, 40186
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Facsimile: (504) 322-7520
mpipes@pipesmiles.com
plorio@pipesmiles.com
ehouts@pipesmiles.com

*Attorneys for Liberty Mutual Insurance Company and Defendant, Liberty Mutual Fire Insurance Company*
